UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
Sheila E. Williams and Elijah W. Winston    :

            Plaintiffs,    :

       v.    :    **VERIFIED COMPLAINT**

Charles L. Levesque and    :

Fairfield Financial Mortgage Group, Inc.

           Defendants.    :    **JURY TRIAL DEMANDED**
---------------------------------X

PLAINTIFFS, Sheila E. Williams and Elijah W. Winston, by and through their attorney, MICHELLE N. DALY, ESQ., for their Complaint against DEFENDANTS, Charles L. Levesque and Fairfield Financial Mortgage Group, Inc. allege, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This action is brought to recover damages from Defendants for fraud, unjust enrichment, and theft.

2. Defendants materially misrepresented facts, with knowledge of their falsity, with an intent to induce reliance, which caused justifiable reliance by the Plaintiffs, and ultimately caused damages.

3. Defendants fraudulently held themselves out to hold a mortgage on Plaintiffs' home and illegally collected no less than $1,490.95 per month from Defendants for several years.

4. Defendant, Fairfield Financial Mortgage Group, Inc. was banned from the industry in 2008. At such time, Charles Levesque, the owner of Fairfield Financial Mortgage Group, Inc. misrepresented to the Plaintiffs that they were required to pay him individually on their mortgage.

5. At such time, Charles Levesque was aware that no such mortgage existed, and that the Plaintiffs were under no obligation to pay him individually or the defunct Defendant corporation for anything.

6. Defendants did rely on Charles Levesque's material misrepresentation of the facts and were damaged every month which continued through 2022.

7. Since 2008, when Defendant company was de-licensed, no mortgage existed on the property. All payments made to Fairfield Financial Mortgage Group, Inc. and/or Charles Levesque constituted unjust enrichment resulting from Charles Levesque's material misrepresentation of material facts.

8. Plaintiffs seek damages in the amount exceeding $150,000.00 plus attorney's fees and the revocation of any and all financial licenses held by Defendants.

**JURISDICTION**

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action is between Plaintiff, a citizen of New York, and Defendant, a citizen of Connecticut, and the amount in controversy exceeds $75,000, exclusive of interest and costs and pursuant to 28 U.S.C. §§ 1331 as Defendants' actions violate federal banking laws.

**VENUE**

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Plaintiffs reside in this Southern District and all defendants reside in Fairfield County and a substantial part of the events or omissions giving rise to the Complaint occurred and are continuing to occur within the Southern District of New York.

**PARTIES**

11. PLAINTIFFS are individuals who reside at 451 Liberty Street, Beacon, New York 12508. Plaintiffs are citizens of New York.

12. Upon information and belief, DEFENDANT, Charles Levesque is an individual who resides at 1 Country View Road, Danbury, CT 06810-5248. Upon information and belief, DEFENDANT, Fairfield Financial Mortgage Group, Inc was a corporation located at 2 National Place, Danbury, CT 06810.

**FACTS**

13. Defendant, Charles Levesque at one point in time was the head of a mortgage company, namely Fairfield Financial Mortgage Group, Inc., ("FFMG").

14. In 2005, Plaintiffs entered into two separate mortgage agreements with FFMG.

15. In June and July of 2008, Defendant contacted Plaintiff for an opportunity to refinance the mortgages to allow Plaintiff to make improvements to her home.

16. A new mortgage agreement was entered into by Plaintiff and FFMG and FFMG discharged both mortgages in June and July of 2008.

17. However, at no point did Plaintiffs ever receive funds as a result of the refinance.

18. On or around this same time, Defendants' financial license was revoked, and Defendant was ordered to complete 100 hours of community service in lieu of paying fines for failing to comply with the settlement agreement that was reached with the Connecticut State Banking Department. See Stamford Advocate article attached at Exhibit "A". Upon receipt of the record from the Consumer Credit Division of the State of Connecticut Department of Banking regarding Charles Levesque and the Fairfield Financial Mortgage Group, Inc., this Complaint will be amended to include it, and their additional relevant violations of Federal Banking laws.

19. After Defendants' licenses were suspended, Plaintiffs were unable to contact FFMG or Defendants to make mortgage payments.

20. On or around 2008 or 2009, Plaintiffs went to 2 National Drive, in Danbury, Connecticut, the old office of Defendant to ensure they would not get behind on what they believed was valid mortgage. At that time, they witnessed Charles Levesque and his staff throwing thousands of pages of computer paper into massive trash bins outside the office. At such time, Charles Levesque told the Plaintiffs that the company was cleaning up and closing the shop but that he would be in touch with Plaintiffs once they moved elsewhere.

21. After this, Plaintiffs made no "mortgage payments" for approximately five years.

22. After those five years, Charles Levesque contacted Plaintiffs, demanding that payment be made to him individually and at his home address. He texted, emailed and met with Plaintiffs at a diner and threatened Plaintiffs that he would foreclose on their house if they refused to pay their "mortgage."

23. At this time, no mortgage existed, and Plaintiffs did not owe any funds to either Defendant.

24. Defendant has been fraudulently collecting money from the Plaintiffs as a result of his material misrepresentation to the Plaintiffs that they owed "mortgage payments" in the amount ranging from approximately $1,490.95 up to $2,393.72 per month to Defendant, Charles Levesque.

25. In addition to fraudulently collecting these funds misrepresented as "mortgage payments", Plaintiffs was never actually paid the amount Defendant promised they would receive from the refinance in 2008.

26. Plaintiffs also made monthly payments of $2,393.72 to FFMG which were deposited to a Santander Bank account.

27. The checks were signed by Defendant, Charles Levesque for deposit. See copy of check attached at Exhibit "B".

28. In 2014, Plaintiffs received a document from Santander Bank which states that Santander Bank released all security interests to Plaintiffs' home. This document is signed by a Larry Kamin, a presumed Vice President at Santander Bank. There is no record of this document filed with the county clerk, no record of this mortgage ever being assigned to any entity other than FFMG, and there is no record of any individual having been affiliated with Santander Bank by the name of Larry Kamin or Charles Levesque.

29. When Santander Bank was contacted regarding the legitimacy of the mortgage, they were unable to provide any record of any mortgage held by them under the names of either Plaintiff.

30. Defendants appear to still be working in the lending industry for a bank unaffiliated with FFMG. However, FFMG seems to still be in operation and is headed by Defendant, Charles Levesque's wife. FFMG last executed a mortgage agreement in Dutchess County in 2009. FFMG has not executed a single mortgage agreement since that time but has assigned or discharged many of its mortgages from 2009 to 2022.

31. Defendants' offer to refinance the original two mortgages was completely fraudulent.

32. Neither Defendant ever paid any sum to Plaintiff, and when Defendants went missing, Defendants' licenses were suspended.

33. Although Plaintiffs went five years without making a mortgage payment, they never received any notices or demands for payment from any institution whatsoever.

34. It was not until Defendant, Charles Levesque, out of the blue, contacted Plaintiffs and demanded payment on the "mortgage" that the Plaintiffs began paying him individually.

35. Defendant, Charles Levesque emailed, texted and even met with Plaintiffs at a diner and demanded that payment be made to him individually after he was ordered out of the financial industry. Mr. Levesque advised Plaintiffs of his new address, which is a home address. Letters demanding such payment are attached hereto at Exhibit "C". Plaintiffs' home was illegally encumbered by a mortgage by the defunct Defendant company, since July of 2008. Since Defendants materially misrepresented to Plaintiffs that they could pay him individually, Plaintiffs have been induced into making payments directly to Defendant.

36. Only after the Plaintiffs stopped making payments to this individual, (pursuant to advice by counsel), did Defendant, Charles Levesque assign to himself individually the fraudulent mortgage, from his former de-licensed company, on or around October, 2022.

## COUNT ONE: FRAUDULENT INDUCEMENT

37. Plaintiffs repeat and reallege paragraphs 1 through 36 hereof, as if fully set forth herein.

38. The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages" (Carlson v. Am. Int'l Grp., Inc., 30 N.Y.3d 288, 89 N.E.3d 490 (2017)). In an action for fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016(b)).

39. Defendants materially misrepresented that Plaintiffs owed mortgage payments to Charles Levesque, in his individual capacity. Additionally, Defendants misrepresented that Plaintiffs' home was encumbered by a mortgage since 2008.

40. Defendants knew this fact was false because at the time, Defendant, was personally held liable for improper lending practices and was advised in his individual and corporate capacity that he was banned from the lending industry.

41. Defendants intended to induce reliance demonstrated by his intentional targeting of Plaintiffs five years after all licenses were removed. Defendants threatened Plaintiffs with late fees and foreclosure should they not pay him.

42. Plaintiffs relied on Defendants' misrepresentations because, as far as they knew, they had a mortgage to pay as of 2008. They were told by Defendants that they refinanced their existing mortgages, and were liable for payments.

43. Plaintiffs have been damaged by making payments for approximately a decade due entirely to the deceit, fraud, and material misrepresentation of Defendant and their reliance thereon.

44. By reason of the foregoing, Defendants are liable in the amount no less than $153,964.44, plus interest, attorneys' fees, and costs.

### COUNT TWO: UNJUST ENRICHMENT

45. Plaintiffs repeat and reallege paragraphs 1 through 36 hereof, as if fully set forth herein.

46. As a result of Defendants' illegal and fraudulent actions, Defendants were unjustly enriched in an amount exceeding $200,000.00.

### COUNT THREE: THEFT

47. Plaintiffs repeat and reallege paragraphs 1 through 36 hereof, as if fully set forth herein.

48. Defendants wrongfully took, obtained and continue to withhold property from Plaintiffs by engaging in trick, fraudulent device, and artifice and obtained possession of the property of Plaintiffs and has exercised possession over that property for several years, inconsistent with the continued ownership rights of Plaintiffs in their property.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

A. Damages for unjust enrichment and fraudulent inducement in an amount to be determined at trial, but in no event less than $150,000.00 plus interest, attorneys' fees and costs.

B. Damages for the amount unjustly retained by Defendants to which Plaintiffs were originally entitled pursuant to the refinance.

C. Punitive Damages in the amount of $50,000.00.

D. Order that Defendants take any and all steps to clear title of the property located at 451 Liberty Street, Beacon, NY 12508, including but not limited to filing Satisfaction of all mortgages connected with Defendants.

E. Granting such other and further relief as the Court deems just and proper.

Dated: December 2, 2022
Hopewell Junction, NY 12533

LAW OFFICE OF MICHELLE N DALY, PLLC
BY: _____
Michelle N Daly, Esq.
2537 Route 52, Suite 1
Hopewell Junction, NY 12533
Ph: (845) 592-4555
Fax: (845) 447-1044
Email: MichelleNDalyEsq@gmail.com

# VERIFICATION

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF DUTCHESS )

    Sheila E. Williams, being duly sworn, deposes and says: I am the Plaintiff in the action herein and have read the Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

    I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

                                                      _/s/ Sheila E. Williams_
                                                      Sheila E. Williams

Sworn to before me this
2nd day of December, 2022

_/s/ Michelle Daly_
Notary Public

                                               Michelle Daly
                                    Notary Public, State of New York
                                       Reg. No. 02DA6326821
                                    Qualified in Dutchess County
                                 Commission Expires June 29, 2023

# VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF DUTCHESS )

    Elijah W. Winston, being duly sworn, deposes and says: I am the Plaintiff in the action herein and have read the Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

    I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

_____
Elijah Winston

Sworn to before me this
2nd day of December, 2022

_____
Notary Public

Michelle Daly
Notary Public, State of New York
Reg. No. 02DA6326821
Qualified in Dutchess County
Commission Expires June 29, 2023